UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT HUDSON,

                       Petitioner,

          -against-

NEW YORK STATW DUTCHESS
COUNTY DIDTRICT ATTORNEY,

                       Respondent.

**ORDER**

21-CV-0626 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Petitioner Robert Hudson, who is proceeding *pro se* and appears to be serving a term of probation imposed by a state court, brings this civil action challenging his January 21, 2020 conviction in the County Court, Dutchess County. The Court construes the operative pleading as a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254.[1] For the reasons discussed below, the Court denies the petition.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing Section 2254 Cases, the Court has the authority to review and deny a § 2254 petition without ordering a responsive pleading from the State, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rules Governing § 2254 Cases, Rule 4; *see also Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret

---

[1] Petitioner filed this action as regular federal civil action—the operative pleading is a complaint—and paid $402 in fees to bring this action.

them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see also Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## BACKGROUND

On January 21, 2020, the County Court, Dutchess County, issued a judgment convicting Petitioner of, *inter alia*, Criminal Mischief in the Second Degree and Criminal Contempt in the First Degree, and sentencing him to a 90-day jail term and a concurrent 5-year probation term. (Doc. 1 at 30-31; *id*. at 36-37).  In his 116-page pleading, Petitioner asks this Court to vacate and dismiss "the Decision and Orders of the Dutchess County Court issued against" him, and to order that he be "re-tried with the original charges listed in the Dutchess County Grand Jury Indictment," including "the Indictment charge of Trespass in the third degree." (Doc. 1, at 10-11).[2]

While Petitioner attaches documents captioned for the New York Supreme Court, Appellate Division, Second Department (Doc. 1-1, at 6-9), he does not allege any facts showing that he appealed his conviction or otherwise pursued available state court remedies.

Petitioner objects to the County Court's decision to grant the prosecution's motion to dismiss the charge of Criminal Trespass in the Third Degree. He argues that he should have been tried on the trespass charge with the other charges brought against him because the other charges "stemmed from and were all related to" the trespass charge. (Doc. 1, at 2-3; *see id.* at 21-22).

---

[2] Among the documents attached to the pleading is a copy of the transcript from Petitioner's January 21, 2020 sentencing hearing. (Doc. 1, at 12-35). According to the transcript, Petitioner's conviction arises from a longstanding property dispute between Petitioner and his neighbor. The transcript notes that the courtgranted the prosecution's motion to dismiss the charge of Trespass in the Third Degree. (*Id.* at 34-35).

**DISCUSSION**

I. <u>The Pleading Is a *Habeas Corpus* Petition Under 28 U.S.C. § 2254</u>

The Court understands the operative pleading to be a petition for a writ of *habeas corpus* under § 2254 because it is clear that Petitioner challenges "the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) ("[A] state prisoner may challenge either the imposition or the execution of a sentence under Section 2254.").[3] Accordingly, the Court construes the pleading as a petition under 28 U.S.C. § 2254.

II. <u>Exhaustion of State Court Remedies</u>

Before a petitioner may seek *habeas corpus* relief under § 2254 in a federal district court, he must first exhaust all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In other words, if New York State provides a procedure, a petitioner must take advantage of that procedure before coming to federal court. The state judicial system must be given the first opportunity to review the errors raised by a petitioner before this Court may review a petition for a writ of *habeas corpus* brought under § 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

In order to exhaust his claims for the purpose of § 2254 *habeas corpus* review, a petitioner convicted in the County Court, Dutchess County, must appeal his judgment of conviction in the

---

[3] While a person must be "in custody" under a state court judgment to be eligible for § 2254 *habeas corpus* relief, such custody is not limited to incarceration; it includes custody under a term of probation. *See Nowakowski v. New York*, 835 F.3d 210, 216 (2d Cir. 2016) ("The Courts of Appeals, including ours, have recognized that a variety of nonconfinement restraints on liberty satisfy the custodial requirement." (citing *United States ex rel. B. v. Shelly*, 430 F.2d 215, 217 n.3 (2d Cir. 1970) (probation))).

New York Supreme Court, Appellate Division, Second Department. *See* N.Y. Crim. Proc. Law. § 460.70. If the petitioner is adversely affected by that court's decision, he must seek leave to appeal in the New York Court of Appeals, the highest court in the State of New York. N.Y. Crim. Proc. Law § 460.20; *see also Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Should the petitioner wish to assert grounds for § 2254 *habeas corpus* relief that were asserted in the trial court after his conviction, in motions brought under N.Y. Crim. Proc. Law § 440.10, or in other comparable postconviction collateral motions, he must exhaust his state court remedies as to those grounds by seeking leave to appeal in the Appellate Division. *See Ramos v. Walker*, 88 F. Supp. 2d 233, 235 (S.D.N.Y. 2000).

Petitioner alleges no facts showing that he has exhausted the available state court remedies with respect to his judgment of conviction. The Court therefore denies the petition without prejudice to Petitioner's filing another such petition once he has exhausted those remedies.[4]

## CONCLUSION

The Court respectfully directs the Clerk of Court to mail a copy of this Order to Petitioner and note service on the docket. The Court construes the pleading as a petition for a writ of *habeas*

---

[4] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a petitioner's future attempts to seek *habeas corpus* relief, a district court must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before the Court recharacterizes it as a § 2254 petition. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003). But there is no need to give Petitioner notice and an opportunity to withdraw here because denial of the petition without prejudice does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

*corpus* under 28 U.S.C. § 2254 and denies it without prejudice to Petitioner's filing another such petition once he has exhausted his available state court remedies.[5]

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

As Petitioner paid $402 in fees to bring this action, and as the Court construes the pleading as a § 2254 petition, the Court also directs the Clerk of Court to issue a refund to Petitioner in the amount of $397. *See* 28 U.S.C. § 1914(a) ($5 filing fee to bring a *habeas corpus* petition).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court further directs the Clerk of Court to enter judgment denying the petition without prejudice.

SO ORDERED.

Dated: February 18, 2021
White Plains, New York

                                                   PHILIP M. HALPERN
                                                 United States District Judge

---

[5] The Court notes that there is a one-year limitations period in which to bring a § 2254 petition; this period is measured from the latest of four possible specified circumstances. *See* § 2244(d)(1)(A)-(D).